293 F.2d 881
 110 U.S.App.D.C. 404
 TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, LOCAL 901,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNION DE TRABAJADORES DE LA GONZALEZ CHEMICAL INDUSTRIES,
INC.,(INDEPENDIENTE), Respondent.
 Nos. 16030, 16079.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 29, 1961.
Decided June 29, 1961.
 
 Mr. Herbert S. Thatcher, Washington, D.C., with whom Mr. David Previant, Milwaukee, Wis., was on the brief, for petitioner in No. 16030 and respondent in No. 16079.
 Mr. Melvin J. Wells, Atty., N.L.R.B., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, N.L.R.B., Dominick L Manoli, Associate Gen. Counsel, N.L.R.B., and Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., were on the brief, for respondent in No. 16030 and petitioner in No. 16079. Mr. Hans J. Lehmann, Atty., N.L.R.B., also entered an appearance for respondent in No. 16030 and petitioner in No. 16079.
 Before WILBUR K. MILLER, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.
 PER CURIAM.
 
 
 1
 In aid of a strike against Gonzalez Chemical Industries, Inc., in Puerto Rico, the union picketed the only gate of the company's plant. The gate was necessarily used by everyone who entered, including Gonzalez employees and employees of Lummus Company which was doing construction work for Gonzalez. Orally and by signs the pickets informed all comers, including Lummus employees, of the strike against Gonzalez and tried to induce them to respect the picket line in aid of the strike. The pickets generally recognized Lummus employees as such. They wore green safety helmets while Gonzalez employees wore white ones, and the two sets of employees came and went at different times of day. The picketing and oral inducements resulted in employees of both companies refusing to cross the picket line.
 
 
 2
 The Board found that the union violated 8(b)(4)(A) of the Taft-Hartley Act, 61 Stat. 136, 141, 29 U.S.C. 158(b)(4)(A). We have for review an order of the National Labor Relations Board which is intended to prohibit the union from requesting or inducing Lummus employees to respect the picket line.
 
 
 3
 In United Steelworkers of America A.F.L.-C.I.O. v. National Labor Relations Board, decided by the Court of Appeals for the Second Circuit on May 3, 1961, an employer whose employees were on strike provided a separate gate for the exclusive use of a neutral employer's construction workers. The court sustained a Board order against picketing at that gate and said: 'There must be a separate gate, marked and set apart from other gates; the work done by the men who use the gate must be unrelated to the normal operations of the employer, and the work must be of a kind that would not, if done when the plant were engaged in its regular operations, necessitate curtailing those operations.' 289 F.2d 591, 595. On May 29, 1961, the Supreme Court adopted this statement by quoting it and adding: 'These seem to us controlling considerations.' Local 761, Internat'l Union of Electrical Workers v. National Labor Relations Board, 81 S.Ct. 1285, 1294.
 
 
 4
 The Board had argued to us that there should be no difference in effect between (1) separate gates and (2) distinct uniforms and times of starting and stopping work. This may or may not be true as an economic matter. As a legal matter, we cannot deny that a separate gate is a controlling consideration when the Supreme Court has just said it is a controlling consideration. Since there was no separate gate we must set aside the Board's order.
 
 
 5
 Order set aside.